David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*JAMIE HALIBURTON*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JAMIE HALIBURTON, <br><br> Plaintiff, <br> v. <br><br> CREDIT ADJUSTMENTS, INC., <br><br> Defendant. | Civil Action No.: _____ <br><br><br> **COMPLAINT** |

For this Complaint, the Plaintiff, JAMIE HALIBURTON, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the harassment of Plaintiff by the Defendant and its agents in their illegal efforts to collect a consumer debt and jurisdiction is therefore proper in this Court pursuant

to 28 U.S.C. § 1331.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of Nevada.

## PARTIES

4. The Plaintiff, JAMIE HALIBURTON ("Plaintiff"), is an adult individual residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant CREDIT ADJUSTMENTS, INC. ("CAI"), is doing business in the State of Nevada as a business entity operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. CAI at all times acted by and through one or more of its collectors or agents (the "Collectors").

## ALLEGATIONS APPLICABLE TO ALL COUNTS
### A. The Debt

7. Plaintiff allegedly incurred three student loans obligation to the Department of Education (the "Creditor") for educational purposes. The loans consisted of 1) a "Direct Subsidized" loan, 2) FFEL Stafford Unsubsidized loan and a, 3) FFEL Stafford Subsidized loan (collectively, the "Loans" or "Debt").

8.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9.     The Debt was purchased, assigned or transferred to CAI for collection, or CAI was employed by the Creditor to collect the Debt.

10.    At the time CAI obtained the rights to collect the Debt, the Debt was in default and CAI was acting as a default debt collector or default servicer.

11.    The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

## B. CAI Violated The FDCPA

12.    In early 2015, the Plaintiff moved to Las Vegas to obtain more lucrative employment.  However, she was unable to locate "steady" employment resulting in a default of her alleged Debt.

13.    Since that time she found steady employment and has worked diligently to repay several debt obligations.

14.    However, when she attempted to resolve the Debt with CAI, she was provided a series of misrepresentations making it impossible for her to 1) know her legal options to resolve the Debt or 2) to work with CAI in an affordable or reasonable way.

15. Notably, the alleged CAI Debt were originally federal student loans owed (and still owed) to the Department of Education.

16. When the Plaintiff explained her circumstances to CAI and <u>requested options</u> for an affordable monthly payment plan, CAI <u>failed</u> to present the Plaintiff with her federally guaranteed options. Specifically, consolidation of her defaulted student loans out of default and enrolment into one of several Federal programs that would have resulted in an affordable payment - likely at or around $10 per month through a Revised Pay As You Earn (REPAYE), Pay As You Earn (PAYE), and/or an Income-Based Repayment (IBR) plan – each of which she was eligible to enroll in.

17. On February 12, 2018 the Plaintiff spoke with a CAI representative who falsely advised her that only one of her loans was eligible for rehabilitation (when, in fact, all three were) and that CAI intended to garnish her wages for the two other outstanding Loans.[1]

18. All the Loans were eligible for consolidation into PAYE, RPAYE and IBR programs, any one of which would have averted garnishments and helped make the Loans affordable, bring them out of default and allow positive performing history on the Loans.

19. CAI's intent in misleading the Plaintiff about her payment options and

---

[1] As an aside, the Plaintiff made numerous efforts to provide CAI her income information. However, CAI lost, ignored or simply failed to review her provided information..

systematically delaying any efforts or attempt to resolve the default with the Plaintiff is clear: it wanted to profit from her default and misrepresented her options.

20. This suit results.

### C. Plaintiff Suffered Actual Damages

21. The Plaintiff has suffered and continues to suffer actual damages as a result of CAI's unlawful conduct.

22. As a direct consequence of CAI's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment and deprivation of her federally guaranteed options for repaying the Loans.

### D. Respondeat Superior Liability

23. The acts and omissions of CAI, and the other debt collectors employed as agents by CAI who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant CAI.

24. The acts and omissions by CAI and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by CAI in collecting consumer debts.

25. By committing these acts and omissions against Plaintiff, CAI and these other debt collectors were motivated to benefit their principal, Defendant CAI.

26. CAI is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Nevada tort law, in their attempts to collect a debt from Plaintiff.

## COUNT I

## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant engaged in false, deceptive or misleading behavior in connection with the collection of a debt.

29. The Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the amount of the Debt owed by Plaintiff and attempted to have Plaintiff pay more than the Debt owed to Creditor.

30. The Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take action against the Plaintiff which it could not legally take or did not intend to take in collection of a debt.

31. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed various false representations and deceptive means to collect a debt.

32. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt and attempted to humiliate and belittle Plaintiff.

33. The Defendant's conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount not authorized by the agreement between Plaintiff and Creditor.

34. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

35. The Plaintiff is entitled to damages as a result of Defendant's violations.

36. The Plaintiff has been required to retain the undersigned as counsel to protect his legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant awarding the Plaintiff:

## COUNT I.

## VIOLATIONS OF 15 U.S.C. § 1692

1. for actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);
2. for statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);
3. for punitive damages; and

…

…

…

4. for any other and further relief that the Court may deem just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: May 11, 2018

Respectfully submitted,

By /s/David H. Krieger, Esq.
_____

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*JAMIE HALIBURTON*